UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOSHUA L. RUBY,**

    **Plaintiff,**                        **CASE NO.:**

v.

**ZWICKER & ASSOCIATES, P.C.**        **JURY TRIAL DEMANDED**

    **Defendant.**

_____/

## COMPLAINT

Plaintiff, Joshua L. Ruby ("Mr. Ruby"), by and through undersigned counsel, hereby files this Complaint against Defendant, Zwicker & Associates, P.C. ("Zwicker" or "Defendant") and states as follows:

## PRELIMINARY STATEMENT

1. Mr. Ruby brings this action against Defendant for violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA") and 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA").

2. Therefore, Mr. Ruby seeks damages, costs, and attorney's fees from Defendant for those causes of action.

1

## JURISDICTION AND VENUE

3. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings a claim under the FDCPA, 15 U.S.C. § 1692. Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

## PARTIES

5. Plaintiff, Joshua L. Ruby, is a natural person residing in Brevard County, Florida, where the causes of action arose, is a "consumer" as that term is defined by Fla. Stat. § 559.55(8) that allegedly had a "consumer debt" as that term is defined by Fla. Stat. § 559.55(6), and is and a "person" under 47 U.S.C. § 227 *et seq*.

7. Defendant, Zwicker & Associates, P.C., is a foreign profit corporation, is headquartered in Massachusetts, does business in the State of Florida, is a "debt collector," as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7), and is a "person" under 47 U.S.C. § 227 *et seq*.

8. Defendant, in the conduct of its business, uses one or more instrumentalities of interstate commerce or the mails, including without limitation to, electronic communication with Plaintiff.

9. The conduct of Defendant was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendant was likely to conduct itself, and allowed them to so act, with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendant.

10. The Defendant's communications, set forth below, were made to exhaust the Plaintiff's will in an attempt to have the Plaintiff pay a debt after all necessary information was conveyed and after all attempts and persuasion and negotiation had failed, as demonstrated by Plaintiff either expressly or impliedly communicating to Defendant to stop calling Plaintiff.

11. The Defendant's conduct, set forth below, was committed wholly without excuse.

## FACTUAL ALLEGATIONS

12. Plaintiff was alleged to owe Defendant a debt (the "Alleged Debt").

13. The Alleged Debt stems from transactions primarily for personal, family, or household purposes, and is therefore a "debt," as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(6).

14. American Express National Bank ("AMEX") transferred, placed and/or sold Plaintiff's account(s) with Defendant for collection purposes.

15. Defendant called Plaintiff's cellular telephone from approximately May or June 2019 until at least October 2019 in an attempt to collect on the Alleged Debt.

16. Defendant called Plaintiff's cellular telephone approximately two to three times per day, up to five days each week.

17. In approximately June 2019, Plaintiff told Defendant that he was unable to pay the Alleged Debt. Moreover, all attempts at negotiations to obtain payment from Plaintiff had failed after Plaintiff told Defendant that he was unable to pay the Alleged Debt.

18. Plaintiff also told Defendant that he had been in an accident, he was currently in a wheelchair and that the physicians did not give him any indication as to when he may return to work so there was no extra money to pay the Alleged Debt as all of his income was being used to pay his rent.

19. In approximately August or September 2019, Plaintiff instructed Defendant to stop calling in an attempt to collect on the Alleged Debt.

20. In approximately October 2019, Plaintiff provided Defendant with the contact information of his bankruptcy attorney.

21. Plaintiff acknowledged and advised Defendant that Plaintiff was aware that he owed Defendant the Alleged Debt.

22. Nevertheless, Defendant continued to call Plaintiff on his cellular telephone, despite Plaintiff telling Defendant that he was unable to pay the Alleged Debt, instructing Defendant to stop calling and providing Defendant with the contact information of their bankruptcy attorney after reasonable efforts at persuasion and negotiation had failed.

23. Upon reasonable belief, Defendant utilized an automated telephone dialing system when contacting Plaintiff. This is evidenced by the fact that when Plaintiff would answer a call from Defendant, Plaintiff would hear a beep or pause prior to Defendant's representative coming onto the line. Moreover, Defendant would leave pre-recorded and/or automated voicemails on Plaintiff's cellular telephone and would call Plaintiff's cellular telephone from different telephone numbers.

24. As described below, Defendant's conduct constitutes violations of the FDCPA, FCCPA and TCPA because Defendant's continued calls served only to harass and exhaust the Plaintiff's will into making a payment.

## COUNT I

## VIOLATION OF THE FDCPA BY DEFENDANT

25. This is an action against Defendant for violation of 15 U.S.C. §1692 *et seq*.

26. Plaintiff re-alleges and reincorporates paragraphs 1 through 24, as if fully set forth herein.

27. The Alleged Debt is a "debt," as that term is defined by 15 U.S.C. § 1692a(5).

28. Defendant uses interstate commerce or the mails in its business, the principal purpose of which is the collection of debts, or Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due to another, and is therefore a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6). Further, Defendant advertises itself on its website as an entity whose primary business function is debt collection.

29. Defendant, communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by 15 U.S.C. § 1692a(2).

30. Through the conduct described above, Defendant violated the following provisions of the FDCPA:

**15 U.S.C. § 1692(c)(a)(2)**

A debt collector may not communicate with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

**15 U.S.C. § 1692d**

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

**15 U.S.C. § 1692e**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

**15 U.S.C. § 1692f**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

31.     All conditions precedent to this action have occurred, have been satisfied, or have been waived.

32.     As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.

33.     All conditions precedent to this action have occurred, have been satisfied, or have been waived.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment in Plaintiff's favor finding that Defendant has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT II

## VIOLATION OF § 559.72(7) OF THE FCCPA BY DEFENDANT

34. This is an action against Defendant for violation of Fla. Stat. § 559.72(7).

35. Plaintiff realleges and incorporates paragraphs 1 through 24, as if fully set forth herein.

36. Defendant communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

37. Fla. Stat. § 559.72(7) provides, in pertinent part:

    In collecting consumer debts, no person shall:

    (7)   …willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

38. Through its conduct, described above, Defendant directly and through its agents violated the above section of the FCCPA.

39. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

40. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

41. Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Defendant, as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT III

### VIOLATION OF § 559.72(9) OF THE FCCPA BY DEFENDANT

42. This is an action against Defendant for violation of Fla. Stat. § 559.72(9).

43. Plaintiff realleges and incorporates paragraphs 1 through 24, as if fully set forth herein.

44. Defendant communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

45. Fla. Stat. § 559.72(9) provides, in pertinent part:

> In collecting consumer debts, no person shall:
>
> (9) … assert the existence of some other legal right when such person knows that the right does not exist.

46. Through its conduct, described above, Defendant directly and through its agents violated the above section of the FCCPA.

47. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

48. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

49. Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Defendant, as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT IV

### VIOLATION OF § 559.72(18) OF THE FCCPA BY DEFENDANT

50. This is an action against Defendant for violation of Fla. Stat. § 559.72(18).

51. Plaintiff realleges and incorporates paragraphs 1 through 24, as if fully set forth herein.

52. Defendant communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

53. Fla. Stat. § 559.72(18) provides, in pertinent part:

In collecting consumer debts, no person shall:

(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

54. Through its conduct, described above, Defendant directly and through its agents violated the above section of the FCCPA.

55. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

56. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

57. Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Defendant, as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT V

### VIOLATIONS OF THE TCPA, 47 U.S.C § 227 *ET SEQ,* BY DEFENDANT

58. This is an action against Defendant for violations of the TCPA, 47 U.S.C. § 227 *et seq*.

59. Plaintiff realleges and reincorporates paragraphs 1 through 24, as if fully set forth herein.

60. Defendant, in the conduct of its business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

61. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice –

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

62. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing calls to Plaintiff's cellular telephone using an automatic telephone dialing system without Plaintiff's express consent.

63. Defendant willfully, knowingly, and intentionally made multiple calls to Plaintiff's cellular telephone utilizing an automatic telephone dialing system after Plaintiff told Defendant that Defendant did not have permission to call Plaintiff's cellular telephone.

64. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

65. As a result of the above violation of the TCPA, Defendant is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

66. Based upon the willful, knowing, and intentional conduct of Defendant as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant: (1) finding that Defendant violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding that Defendant willfully, knowingly, and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. Amend. 7.

Dated:  March 12, 2020                                  Respectfully Submitted,

**SHRADER LAW, PLLC**
612 W. Bay Street
Tampa, Florida 33606
Phone:  (813) 360-1529
Fax:     (813) 336-0832


/s/ Brian L. Shrader
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
*Attorney for Plaintiff*